## McCREARY v. STRONGMAN et al.

(Circuit Court of Appeals, Third Circuit. May 29, 1925.)

No. 3203.

**Estoppel ☞63—Party cannot change ground after suit.**

Where the only ground given by a buyer for refusal to perform was that the contract was void and never went into effect, it is limited to that defense when sued for breach.

In Error to the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Action at law by John B. Strongman and Artemus C. Townsend, receivers of the Manhasset Manufacturing Company, against Harry McCreary, doing business as the McCreary Tire & Rubber Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

William S. Dalzell and Dalzell, Fisher & Dalzell, all of Pittsburgh, Pa., for plaintiff in error.

John G. Frazer and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendants in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and BODINE, District Judge.

BODINE, District Judge. The parties to this action entered into a contract in writing evidenced as follows:

"Our Order No. 1239. Customer's Order No. ———.

"Contract of Manhasset Manufacturing Co.

"Providence, R. I., March 22, 1920.

"We enter your order for

200 rolls style 1126–48″ at $2.45 lb.
150 rolls style 1101–48″ at 2.55 lb.
150 rolls style 515–48″ at 2.71 lb.

—delivered.

"For delivery as you specify.—Jul.–Dec. 1920.

"Original.

"Price: See above.

"Terms: 2% 35 days, f. o. b. mill, freight collect.

"Shipping directions: McCreary Tire & Rubber Co., Indiana, Pa.

"If the production of the mill accepting this contract be curtailed by strikes, or lockouts to counteract strikes, or any unavoidable accident, the deliveries shall be made proportionate to the production.

"Respectfully yours,

Manhasset Mfg. Co.,

"[Signed] R. H. Ballou, Treasurer.

"Accepted, subject to your letter of April 13, 1920.

"[Signed] McCreary Tire & Rubber Co.

"Signed by Harry McCreary, Pres."

The letter of April 13th, referred to in the contract, was as follows:

"April 13, 1920.

"McCreary Tire & Rubber Co., Indiana, Penn.—Gentlemen: Relative to our conversation of last week regarding your order for 200 rolls 1126 combed Egyptian and 150 rolls 1101 combed Sea Island fabric, it is agreeable to us that you have the option to change this total of 350 rolls to karded Egyptian if you agree to give us 45 days notice, or you may leave the order as it is, or you may advise us that you do not wish the 1101, and it will be agreeable to us for you to substitute karded Egyptian in its place, together with the combed Egyptian as you now have on order.

"The price on karded Egyptian is $2.25 per pound.

"We have notified the mill to send you two rolls 1176 karded Egyptian as soon as possible by express. Owing to embargoes, we cannot tell exactly when this will be done, but it will be shipped at the earliest possible moment.

"Very truly yours,

"HTV–DMS."

"Manhasset Manufacturing Co.

The contract called for delivery of fabric as specified by McCreary Tire & Rubber Company during the period from July to December, 1920, inclusive. No shipping instructions were ever given. McCreary Tire & Rubber Company, in June and July, 1920, wrote to the manufacturer requesting no further shipments. On February 11, 1921, the manufacturer wrote that at the tire company's request they had postponed shipments, and requesting that they be given adequate notice of shipment when desired.

The case was tried before a jury, who returned a verdict for the plaintiff in the sum of $70,692.70, with interest from September 1, 1921. This date was somewhat later than the actual breach; hence there was no error in accepting September 1st as the date from which interest was to run. At the time of the breach of contract part of the goods had been manufactured. As to these the measure of damages was properly charged by the trial judge to be the difference between the contract price and the market price at the time of breach.

As to the goods not manufactured, the jury found that at the time of the signing of the contract in suit the plaintiff had entered into cover contracts for yarn in order that it might be in position to perform the contract. The cover contracts covered, not only yarn for manufacture for the defendant, but also for others. Some of these contracts were canceled and adjusted. The judge's charge and the verdict of the jury thereon were, if anything, too favorable to the defendant. The assignments of error are voluminous and without merit.

The tire company tried to introduce in evidence three letters, obviously dealing with another contract between the same parties. The trial judge properly excluded these letters. Other assignments relate to the refusal of the trial judge to receive in evidence statements of officers of the tire company, subsequent to the making of the contract in suit, that they did not regard the contract in suit as in existence. Other assignments relate to instructions as to the measure of damages.

The contract of sale imposed upon the defendant the duty to notify the manufacturer of the time for delivery. For the manufacturer to maintain his action, it was sufficient for him, under section 42 of the Sales of Goods Act (Pa. St. 1920, §

19690), to express his readiness and willingness to perform.

The tire company never, before suit was brought, refused to perform the contract for any other reason than that it was void and never went into effect, and hence the defense at the trial, under the rule laid down in Railway Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693, and Second National Bank v. Lash Corporation (C. C. A.) 299 F. 371, was limited to the grounds stated before action was brought.

The judgment below will be affirmed.